2005 UT App 164

**KITCHES & ZORN, L.L.C.; and Erika E. Zorn and Randy L. Zorn dba ERZ Partnership, Plaintiffs and Appellants,**

v.

**YONG WOO KIM, Yong Hwan Kim aka Kim Yong Hwan, and Sak Kwi Suk aka Kwi Suk Kim, Defendants and Appellee.**

No. 20040526–CA.

Court of Appeals of Utah.

April 7, 2005.

---

Zachary E. Peterson and Robert L. Stevens, Richards Brandt Miller & Nelson, Salt Lake City, for Appellants.

Susan C. Noyce, Susan C. Noyce PC, Bountiful, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Plaintiffs, Kitches & Zorn, L.L.C.; and Erika E. Zorn and Randy L. Zorn doing business as ERZ Partnership, appeal from the trial court's order quashing their writ of execution. We reverse.

## BACKGROUND

¶ 2 On March 17, 2003, Plaintiffs obtained a judgment (the Judgment) in the Third District Court in Salt Lake County against Defendant Yong Woo Kim for $38,095.10, which included an award of attorney fees and costs and a provision for the accrual of interest.

In order to establish a lien on real property owned by Defendant in Davis County, Plaintiffs recorded an abstract of judgment against Defendant in the office of the Davis County Recorder on May 9, 2003. On May 12, 2003, Defendant deeded his interest in real property located at 1106 East 400 North, Bountiful, Utah (the Bountiful Property) to his wife, Hye Ok Kim. That deed was recorded on May 19, 2003 and again on June 13, 2003.

¶ 3 On July 29, 2003, Plaintiffs filed an abstract of the Judgment, along with the debtor information sheet, with the clerk of the Second District Court in Davis County. On November 25, 2003, Plaintiffs obtained a writ of execution from the Second District Court for the sale of the Bountiful Property.

¶ 4 Defendant filed a "Request for Hearing," objecting to the writ of execution. Defendant claimed that the Bountiful Property was exempt from execution because he no longer owned the property after deeding it to his wife. Defendant argued that Plaintiffs did not have a valid lien upon the Bountiful Property prior to his conveyance of the property to his wife because Plaintiffs had not yet filed the Judgment in the Registry of Judgments at the Davis County District Court. Defendant argued that in order to maintain a judgment lien upon the real property of a judgment debtor in a county other than that in which the judgment was rendered, Utah Code section 78–22–1.5 requires that (1) the judgment be filed and docketed with the clerk of the district court in the county in which the defendant has real property and (2) the judgment or an abstract thereof must be recorded in the office of the county recorder in the county in which the real property is located. *See* Utah Code Ann. § 78–22–1.5 (2002). In response to Defendant's objection, Plaintiffs argued that a correct interpretation of section 78–22–1.5 indicates that a judgment lien against real property is valid if the judgment is filed in the county recorder's office of the county in which the real property is located. Plaintiffs argued, therefore, that they had a valid lien on the Bountiful Property before Defendant deeded it to his wife.

¶ 5 The trial court entered an order quashing Plaintiffs' writ of execution. The trial court determined that the language of section 78–22–1.5 is unambiguous in requiring a two-step process in order to create a lien on real property—the judgment must be (1) recorded in the office of the county recorder in which the property is located, and (2) filed in the Registry of Judgments in the office of the clerk of the district court of the county in which the property is located. Furthermore, the court determined, "[P]laintiff[s'] judgment lien did not attach to the property quitclaimed to Mrs. Kim because [P]laintiff[s] did not complete the second step required by [section 78–22–1.5] until July 29, 2003." Therefore, the trial court ruled that Plaintiffs had no perfected or enforceable judgment lien on the Bountiful Property. Additionally, because the court determined that section 78–22–1.5 was unambiguous, it refused to consider affidavits and other evidence submitted by Plaintiffs regarding the legislative history of sections 78–22–1 and 78–22–1.5. *See* Utah Code Ann. § 78–22–1 (Supp.2004). Plaintiffs appeal the trial court's order quashing their writ of execution.

## ISSUES AND STANDARD OF REVIEW

¶ 6 Plaintiffs assert that the trial court erred when it interpreted the language of Utah Code section 78–22–1.5 to require both a filing in the Registry of Judgments and a recording in the office of the county recorder in order to create a lien on real property. Additionally, Plaintiffs argue that the trial court erred in its conclusion that the language of section 78–22–1.5 is unambiguous and its decision not to consider evidence submitted by Plaintiffs regarding the legislative intent and history of section 78–22–1.5. "We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." *R.A. McKell Excavating, Inc. v. Wells Fargo Bank, N.A.*, 2004 UT 48, ¶ 7, 100 P.3d 1159.

## ANALYSIS

¶ 7 Plaintiffs argue that, properly interpreted, sections 78–22–1 and 78–22–1.5 require only a filing in the office of the county recorder in order to create a valid lien, rather than an additional filing in the Registry of Judgments. We agree.

¶ 8 "Pursuant to general principles of statutory interpretation, '[w]e . . . look first to the . . . plain language,' recognizing that 'our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve.' " *In re Kunz*, 2004 UT 71, ¶ 8, 99 P.3d 793 (alterations in original) (quoting *Evans v. State*, 963 P.2d 177, 184 (Utah 1998)). In construing a statute, "we assume that each term . . . was used advisedly; thus the statutory words are read literally, unless such a reading is unreasonably confused or inoperable." *R.A. McKell Excavating, Inc.*, 2004 UT 48 at ¶ 8, 100 P.3d 1159 (alteration in original) (quotations and citation omitted). "When doubt or uncertainty exists as to the meaning or application of an act's provisions, an analysis of the act in its entirety should be undertaken and its provisions harmonized in accordance with the legislative intent and purpose." *Intermountain Slurry Seal and/or CNA Ins. v. Labor Comm'n*, 2002 UT App 164, ¶ 6, 48 P.3d 252 (quotations and citation omitted). However, "[o]nly if there is ambiguity do we look beyond the plain language to legislative history or policy considerations." *Id.* (quotations and citation omitted).

¶ 9 In this case we are faced with two constructions of sections 78–22–1 and 78–22–1.5. However, "[t]he fact that the parties offer differing constructions of the statute, in and of itself, does not mean that the statute is 'ambiguous.' " *Derbidge v. Mutual Protective Ins. Co.*, 963 P.2d 788, 791 (Utah Ct.App. 1998). Although the trial court interpreted the statutory language differently, we, like the trial court, conclude that the language is unambiguous. Therefore, we need not look to legislative history or policy considerations.[1]

---

1. Even if the statute could be considered ambiguous, all of the extrinsic evidence before the trial court is consistent with our decision. For example, Plaintiffs submitted the affidavit of Senator

Thomas Hatch, sponsor of the 2001 amendments to sections 78–22–1 and 78–22–1.5, *see* Utah Code Ann. §§ 78–22–1, –1.5 (2002 & Supp.2004), wherein he stated that a judgment or abstract

¶ 10 The starting point for establishing a judgment lien on real property is section 78–22–1. Section 78–22–1 provides, in relevant part:

(7)(a) After July 1, 2002, a judgment entered by a district court or a justice court in the state becomes a lien upon real property if:

(i) the judgment or an abstract of the judgment containing the information identifying the judgment debtor as described in [s]ubsection 78–22–1.5(4) is recorded in the office of the county recorder; or

(ii) the judgment or an abstract of the judgment and a separate information statement of the judgment creditor as described in [s]ubsection 78–22–1.5(5) is recorded in the office of the county recorder.

. . . .

(8)(a) A judgment referred to in [s]ubsection (7) shall be entered under the name of the judgment debtor in the judgment index in the office of the county recorder as required in [s]ection 17–21–6.

(b) A judgment containing a legal description shall also be abstracted in the appropriate tract index in the office of the county recorder.

Utah Code Ann. § 78–22–1(7)(a)(i)–(ii), (8)(a)-(b); *see* Utah Code Ann. § 78–22–1.5(4), (5) (listing the information that must accompany the recorded judgment or abstract of judgment).

¶ 11 Section 78–22–1.5, in turn, provides, in relevant part:

(2) On or after July 1, 1997, a judgment entered in a district court does not create a lien upon or affect the title to real property unless the judgment is filed in the Registry of Judgments of the office of the clerk of the district court of the county in which the property is located.

(3)(a) On or after July 1, 2002, except as provided in [s]ubsection (3)(b)[ (which exempts state agencies from the recording requirements of subsection (3)(a)) ], a judgment entered in a district court does not create a lien upon or affect the title to real property unless the judgment or an ab-

stract of judgment is recorded in the office of the county recorder in which the real property of the judgment debtor is located.

. . . .

(4) In addition to the requirements of [s]ubsections (2) and (3)(a), any judgment that is filed in the Registry of Judgments on or after September 1, 1998, or any judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall include [specified filing information].

. . . .

(6)(a) Any judgment that requires payment of money and is entered in a district court on or after September 1, 1998, or any judgment or abstract of judgment recorded in the office of a county recorder after July 1, 2002 . . . is not a lien until a separate information statement of the judgment creditor is recorded in the office of a county recorder in compliance with [s]ubsections (4) and (5).

*Id.* § 78–22–1.5(2), (3)(a), (4), (6)(a).

¶ 12 Defendant argues that subsections (2) and (3) of section 78–22–1.5 must be read together, thereby creating a two-step process for establishing a lien on real property after July 1, 2002; the two-step process would require filing a judgment or abstract of judgment in both the Registry of Judgments and the office of the county recorder. *See id.* § 78–22–1.5(2), (3). We disagree. The plain language of section 78–22–1 provides that a judgment "becomes a lien upon real property" if it is recorded in the office of the county recorder. *Id.* § 78–22–1(7)(a)(i)–(ii). Moreover, section 78–22–1 refers to section 78–22–1.5(4) for a list of information that must accompany the recorded judgment or abstract of judgment, and section 78–22–1.5(4) refers to the methods of recording found in sections 78–22–1.5(2) and 78–22–1.5(3) in the disjunctive. Section 78–22–1.5(4) provides that "any judgment that is filed in the Registry of Judgments on or after September 1, 1998, *or* any judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall in-

"need not be filed with [the Registry of Judgments] in order to create a lien on real property.

The judgment or abstract need only to be filed with the county recorder."

clude" particular additional information. *Id.* § 78–22–1.5(4) (emphasis added). Similarly, section 78–22–1.5(6) refers separately to the recording methods of sections 78–22–1.5(2) and 78–22–1.5(3). *See id.* § 78–22–1.5(6). Section 78–22–1.5(6) provides that "[a]ny judgment that requires payment of money and is entered in a district court on or after September 1, 1998, *or* any judgment or abstract of judgment recorded in the office of a county recorder after July 1, 2002" must include additional specified information. *Id.* (emphasis added).

¶ 13 "[W]e assume that each term … was used advisedly; thus the statutory words are read literally.…" *R.A. McKell Excavating, Inc. v. Wells Fargo Bank, N.A.,* 2004 UT 48, ¶ 8, 100 P.3d 1159 (second alteration in original) (quotations and citation omitted). Had the legislature intended that subsections (2) and (3) of section 78–22–1.5 be read together, as separate requirements for the creation of a lien on real property, it could have used the word "and" instead of "or" in sections 78–22–1.5(4) and 78–22–1.5(6). We determine that a proper reading of section 78–22–1.5 requires subsections (2) and (3) to be read independently. Furthermore, our interpretation allows section 78–22–1, which provides that a judgment "becomes a lien upon real property" if it is recorded in the office of the county recorder, Utah Code Ann. § 78–22–1(7)(a)(i)–(ii), to be read in harmony with section 78–22–1.5. Thus, after July 1, 2002, a person seeking a lien on real property need only file in the office of the county recorder.[2] Therefore, Plaintiffs had a valid lien on the Bountiful Property before Defendant deeded the property to his wife on May 12, 2003 because Plaintiffs had filed an abstract of the Judgment in the office of the county recorder on May 9, 2003.

2. *Cf.* Utah Code Ann. § 78–22a–5(1) (2002) (explaining that in cases involving foreign judgments, a foreign judgment entered in a district court becomes a lien according to the recording requirements of section 78–22–1).

3. Defendant argues that a statutory reading requiring only that a judgment or abstract of judgment be filed in the office of the county recorder in order to establish a lien on real property is inconsistent with the requirements of rule 69 of

## CONCLUSION

¶ 14 We conclude that the trial court erred in quashing Plaintiffs' writ of execution, and we reverse and remand for further proceedings under rule 69 of the Utah Rules of Civil Procedure.[3]

¶ 15 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.

the Utah Rules of Civil Procedure, which requires that a transcript be filed and docketed in the office of the clerk of the district court before a writ of execution may be issued. *See* Utah R. Civ. P. 69. We determine, however, that rule 69 is inapplicable to this appeal, which addresses only whether Plaintiffs had a lien. Rule 69 deals with the execution of writs, not the creation of liens or the Registry of Judgments.