2005 UT App 310

**George Carroll PAAR and Carlena Sue Paar, Plaintiffs and Appellees,**

v.

**Clifford L. STUBBS, Defendant and Appellant.**

No. 20040090–CA.

Court of Appeals of Utah.

June 30, 2005.

Clifford L. Stubbs, Pleasant Grove, Appellant Pro Se.

J. Scott Lundberg, Judy Jorgensen, and Brent W. Thomas, Lundberg & Associates, Salt Lake City, for Appellees.

Before Judges BILLINGS, GREENWOOD, and THORNE.

OPINION (For Official Publication)

THORNE, Judge:

¶ 1 Clifford Stubbs appeals the trial court's denial of his motion to dismiss for insufficient service of process and its subsequent ruling nullifying Stubbs's lien on property owned by George and Carlena Paar (the Paars).

BACKGROUND

¶ 2 Stubbs filed a lien against property owned by the Paars, claiming that George Paar owed Stubbs several million dollars due to Mr. Paar's use of Stubbs's copywritten

and trademarked name without authority. After learning of the lien, the Paars filed a petition to nullify it as wrongful. Pursuant to Utah Code section 38–9–7 (2001) (the Nullification statute), the trial court first determined that the Paars' petition was sufficient on its face. The court then scheduled a hearing to occur within ten days of the filing of the Paars' petition, as required under the Nullification statute.

¶ 3 The Paars served Stubbs with notice of the hearing before the scheduled date, but not with a copy of the petition. As a result, Stubbs appeared at the hearing, but before the trial court could address the petition's merits, Stubbs argued that the action should be dismissed because the service of process was insufficient under the Nullification statute. The trial court disagreed, finding that Stubbs was provided with actual notice of the hearing and that the purpose of the statute was satisfied. The court then asked Stubbs to articulate his reasons for imposing the lien. After weighing Stubbs's testimony against the Paars' affidavit filed with their petition, the trial court nullified the lien. Stubbs now appeals.

## ANALYSIS [1]

■ ¶ 4 This appeal turns not on the merits of the Paars' petition, but rather on whether the Paars complied with the service requirements of the Nullification statute. "Whether service of process was proper is a jurisdictional issue and the standard of review is a correction-of-error standard." *Parkside Salt Lake Corp. v. Insure–Rite, Inc.*, 2001 UT App 347, ¶ 16, 37 P.3d 1202 (alterations, quotations, and citation omitted), *cert. granted*, 42 P.3d 951 (Utah 2002).

¶ 5 In relevant part, the Nullification statute states that

(1) Any record interest holder of real property against which a wrongful lien as defined in [s]ection 38–9–1 has been recorded may petition the district court in the county in which the document was recorded for summary relief to nullify the lien.

(2) The petition shall state with specificity the claim that the lien is a wrongful lien and shall be supported by a sworn affidavit of the record interest holder.

(3) (a) If the court finds the petition insufficient, it may dismiss the petition without a hearing.

(b) If the court finds the petition is sufficient, the court shall schedule a hearing within ten days to determine whether the document is a wrongful lien.

(c) The record interest holder shall serve a copy of the petition on the lien claimant and a notice of the hearing pursuant to Rules of Civil Procedure, Rule 4, Process.

Utah Code Ann. § 38–9–7(1)–(3)(c) (2001).

■ ¶ 6 Stubbs argues that the Paars failed to comply with subsection 3(c) when they did not serve him with a copy of the petition. In contrast, the Paars argue that the purpose of subsection 3(c) is satisfied when the lien claimant receives simple notice in compliance with rule 4 of the Utah Rules of Civil Procedure. When we are "[f]aced with a question of statutory construction, we first examine the plain language of the statute. We do not look beyond the plain language unless we find ambiguity." *Olsen v. Samuel McIntyre Inv. Co.*, 956 P.2d 257, 259 (Utah 1998) (citation omitted). "Because we assume that the legislature used each term in the statute advisedly, we read the statute's words literally 'unless such a reading is unreasonably confused or inoperable.'" *Id.* (quoting *Savage Indus., Inc. v. Tax Comm'n*, 811 P.2d 664, 670 (Utah 1991)). Finally, it is important to remember that our duty compels us to "interpret[ ] statutes to give meaning to all parts, and avoid[ ] rendering portions of the statute superfluous." *LKL Assocs., Inc. v. Farley*, 2004 UT 51, ¶ 7, 94 P.3d 279. We have examined the Nullification statute and conclude that it is unam-

---

1. Stubbs appears pro se and has done little to assist this court in discharging its duty. His brief contains no argument section, nor a section summarizing his argument. Instead, we are forced to distill his argument from the two sec- tions that he does provide: (1) statement of the issues, and (2) statement of the case. The Paars, however, do not object to Stubbs's approach. Thus, we address the merits of his claim.

biguous in the expectations that are placed on petitioners such as the Paars.

¶ 7 Subsection 3(c) establishes that a petitioner "shall serve a copy of the petition on the lien claimant and a notice of the hearing pursuant to Rules of Civil Procedure, Rule 4." Utah Code Ann. § 38–9–7(3)(c). The scope and effect of the duty created in this subsection is controlled by two straightforward and common words. First, the Legislature choose to use the word "shall" in establishing the effect of the duty. "Shall" is commonly understood to create a mandatory condition, *see Pugh v. Draper City*, 2005 UT 12,¶ 13, 519 Utah Adv. Rep. 9 (stating that the use of "shall" in a statute is " 'usually presumed mandatory and has been interpreted as such previously in this and other jurisdictions' " (quoting *Board of Educ. v. Salt Lake County*, 659 P.2d 1030, 1033 (Utah 1983))), and we have been presented with no reason to deviate from this common understanding in this case. Thus, any duty described in subsection 3(c) is mandatory.

¶ 8 Second, the Legislature used the word "and" when describing the extent of the duty. "And" is used "as a function word to indicate connection or addition esp[ecially] of items within the same class or type," Merriam Webster's Collegiate Dictionary 43 (10th ed.1999), and is most often considered to create a conjunctive condition. *See, e.g., Calhoun v. State Farm Mut. Auto. Ins. Co.*, 2004 UT 56,¶ 20, 96 P.3d 916 (stating that the legislature's use of "or" is disjunctive, while its use of "and" is conjunctive); *Hansen v. Hansen*, 958 P.2d 931, 935 (Utah Ct.App. 1998) (accepting that the use of "and" in a statute is conjunctive). We have been presented with no authority, and see no reason to conclude, that the Legislature intended "and" in this context to be disjunctive; thus, we conclude that it is conjunctive.

¶ 9 Therefore, subsection 3(c) appears to establish a mandatory duty, applicable to the petitioning record interest holder, to serve the lien claimant with both a copy of the petition *and* notice of the hearing. However, even in the face of the plain language, the Paars argue that service of the petition is not necessary and, due to the summary nature of the Nullification statute, that the purpose of subsection 3(c) is served when the lien claimant is provided notice of the hearing. We rejected a similar argument in *Parkside Salt Lake Corp. v. Insure–Rite, Inc. See* 2001 UT App 347, 37 P.3d 1202.

¶ 10 In *Parkside*, we were asked to consider whether a landlord who sought to evict a tenant had complied with the service provisions of Utah Code section 78–36–8 (1996) (the Unlawful Detainer statute). *See Parkside*, 2001 UT App 347 at ¶ 16, 37 P.3d 1202. The defendant claimed that the summons did not satisfy a provision of the Unlawful Detainer statute, which states "[t]he court *shall indorse* on the summons the number of days within which the defendant is required to appear and defend the action." *Id.* at ¶ 18 (quotations, citation, and alteration omitted). The landlord responded that "because it served upon Tenant, together with the unindorsed summons, the Order Shortening Time to Answer Complaint, which was signed by the court, '[Tenant] cannot be heard to complain that it received improper notice or was otherwise prejudiced.' " *Id.* at ¶ 24 (alteration in original). Following the direction of the supreme court, we concluded that the petitioner must strictly comply with the language of the statute in order to vest the trial court with personal jurisdiction over the tenant. We did so because "[i]t is not the prerogative of courts ... to ignore legislative mandates. ... Picky though it may seem, the Legislature is free to require that a summons initiating an unlawful detainer action evidence on its face that the court itself determined and authorized the shortened time for the defendant's response." *Id.* at ¶ 22 n. 6. Consequently, we concluded that because the trial court had not indorsed the summons, the service was insufficient and the trial court was never vested with personal jurisdiction over the tenant. *See id.* at ¶¶ 24–25.[2]

---

2. Although our decision in *Parkside* was influenced by the supreme court's longstanding rule requiring strict compliance with the Unlawful Detainer statute, *see Parkside Salt Lake Corp. v. Insure–Rite, Inc.*, 2001 UT App 347,¶ 21, 37 P.3d 1202, its outcome, in essence, was predicated on statutory interpretation. Thus, we do not see the strict compliance aspect of *Parkside* as undermining our analysis here.

¶ 11 Even though the landlord in *Parkside* apparently satisfied the underlying purpose of the Unlawful Detainer statute's notice provision, *see id.* at ¶ 24 & n. 6, its method did not satisfy the statutory language. *See id.* Thus, we determined the service to be insufficient. *See id.* In contrast, here, we are not at all convinced that the Paars' notice satisfied even the spirit of the Nullification statute's service requirement. Although the Paars served Stubbs with notice of the hearing, the notice was simple in form. It informed Stubbs of the hearing date and the fact that the hearing was based on the Paars' petition to nullify, but it did nothing to inform Stubbs of the nature of the Paars' argument. As a result, we cannot say that the Paars' notice rises even to the level of the notice in *Parkside.*

¶ 12 Moreover, and more to the point, the Nullification statute requires more than the service of simple notice. It establishes a duty upon any petitioner who seeks relief under the statute to serve the named lien claimant with *both* notice *and* a copy of the nullification petition. *See* Utah Code Ann. § 38–9–7(3)(c) (2001). Had the Legislature intended notice alone to satisfy the statutory requirements, it easily could have said so. It did not. Therefore, notice alone is insufficient. *See LKL Assocs., Inc. v. Farley,* 2004 UT 51,¶ 7, 94 P.3d 279 (discussing our duty to "interpret[ ] statutes to give meaning to all parts, and avoid[ ] rendering portions of the statute superfluous"). The Paars failed to serve Stubbs with a copy of the petition; thus, the summons was defective. Therefore, the trial court was never vested with personal jurisdiction over Stubbs and was in no position to address the merits of Stubbs's lien on the Paar property pursuant to the Nullification statute. Consequently, we conclude that the trial court erred in asserting its jurisdiction and in failing to grant Stubbs's motion to dismiss.[3]

## CONCLUSION

¶ 13 We conclude that under the Nullification statute, *see* Utah Code Ann. § 38–9–7, a

petitioner has a duty to serve both notice of the hearing and a copy of the nullification petition on a lien claimant in a lien nullification case. Here, the Paars failed to discharge this duty; thus, the trial court was not vested with jurisdiction over Stubbs. Accordingly, we remand this case directing the trial court to grant Stubbs's motion to dismiss without prejudice to the Paars refiling their petition to nullify Stubbs's lien.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and PAMELA T. GREENWOOD, Judge.

---

3. The Paars' failure to serve Stubbs with a copy of the petition is not fatal to the merits of their underlying claim. As such, they are not preclud-

ed from immediately refiling their petition and, after strictly complying with the statute's service requirements, having the lien nullified.