**2013 UT App 204**

## THE UTAH COURT OF APPEALS

IRVING PLACE ASSOCIATES,
Plaintiff and Appellant,

*v.*

628 PARK AVE, LLC,
Defendant and Appellee.

Opinion
No. 20120031-CA
Filed August 15, 2013

Third District, Silver Summit Department
The Honorable Keith A. Kelly
No. 100500068

Ronald G. Russell and Rodger M. Burge, Attorneys
for Appellant
Bruce H. Shapiro and Andrew M. Wadsworth,
Attorneys for Appellee

JUDGE JAMES Z. DAVIS authored this Opinion, in which JUDGE
GREGORY K. ORME concurred. JUDGE WILLIAM A. THORNE JR.
dissented, with opinion.

DAVIS, Judge:

¶1 Irving Place Associates (Irving Place) appeals from the district court's ruling that 628 Park Ave, LLC (628 Park Ave) possesses a valid judgment lien on certain real property (the Property) owned by Irving Place. We affirm.

BACKGROUND

¶2 In September 2008, 628 Park Ave filed an action in district court against various defendants, including James P. Ring. The causes of action against Ring included breach of the terms of a

promissory note and breach of a lease. The district court entered a default judgment against Ring on December 11, 2008, in the amount of $150,144. Litigation continued against the other defendants, and 628 Park Ave did not seek to have the default judgment against Ring certified as a final judgment pursuant to rule 54(b) of the Utah Rules of Civil Procedure. At the time that the default judgment was entered, Ring was the record owner of the Property, which consists of a condominium unit located in the Sundial Lodge at the Canyons condominium project in Summit County, Utah.

¶3      On December 18, 2008, 628 Park Ave recorded a copy of the default judgment against Ring.[1] *See generally* Utah Code Ann. §§ 78B-5-201 to -202 (LexisNexis 2012) (providing for the creation of a judgment lien against real property by recordation of a judgment). The default judgment identified Ring by name but did not contain any other identifying information. 628 Park Ave claims to have also simultaneously submitted to the recorder's office a separate information statement containing additional information as specified in Utah Code section 78B-5-201, such as Ring's date of birth and last-known address. *See id.* § 78B-5-201(4)(b). However, it is undisputed that the default judgment as recorded did not actually include a separate information statement.

¶4      Irving Place acquired the Property from Ring by way of a warranty deed on March 31, 2009, and recorded the deed on April 2, 2009. Irving Place asserts that, at the time of recording, it was not aware of any claim of a judgment lien by 628 Park Ave and understood that it was taking the Property free and clear of all liens and encumbrances.

¶5      On November 5, 2009, 628 Park Ave successfully obtained an augmented judgment against Ring in the amount of $498,204. 628 Park Ave recorded the augmented judgment on November 20,

---

1. All of the recorded documents referenced in this opinion were recorded in the Summit County Recorder's Office.

2009. This time, however, 628 Park Ave also recorded a separate information statement containing the identifying information described in Utah Code section 78B-5-201(4)(b). On December 11, 2009, 628 Park Ave obtained a writ of execution on the augmented judgment, directing the sale of all of Ring's non-exempt real property. Based on Ring's ownership of the Property at the time that the original default judgment was recorded, 628 Park Ave sought to sell the Property at a sheriff's sale pursuant to the writ of execution.

¶6    One day prior to the scheduled January 28, 2010 sheriff's sale, Irving Place initiated this action to invalidate 628 Park Ave's claimed judgment lien against the Property. The district court enjoined the sheriff's sale pending resolution of Irving Place's complaint, and both Irving Place and 628 Park Ave filed motions for summary judgment on the issue of the validity of the judgment lien.

¶7    Irving Place argued that the recording of the original default judgment against Ring did not create a judgment lien against the Property because the default judgment was not a final judgment at the time it was recorded. Irving Place also argued that no lien was created because as of the date Irving Place acquired the Property from Ring, neither the default judgment itself nor a separate recorded information statement contained the identifying information required by Utah Code section 78B-5-201(6). The district court rejected these arguments, concluding that a final judgment was not necessary to create a judgment lien and that the recorded default judgment sufficiently identified Ring by name. The district court granted summary judgment validating 628 Park Ave's judgment lien against the Property in the amount of the original default judgment.[2] Irving Place appeals.

_____

2. The district court rejected 628 Park Ave's attempt to obtain a judgment lien in the greater amount reflected in the augmented judgment against Ring.

ISSUES AND STANDARD OF REVIEW

¶8    Irving Place argues on appeal that the district court erred in concluding that a judgment need not be a final judgment to create a judgment lien under Utah Code sections 78B-5-201 and -202. Irving Place also argues that the district court erred in concluding that a recorded judgment satisfies section 78B-5-201(4)(a)'s requirement that it include "the information identifying the judgment debtor" so long as it states the name of the judgment debtor. "We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 12, 267 P.3d 863 (citation and internal quotation marks omitted).

ANALYSIS

I. Finality of Judgment

¶9    Irving Place first argues that the district court erred when it concluded that a final judgment was not required to create a judgment lien under Utah Code sections 78B-5-201 and -202. We agree with the district court that the plain language of those sections does not require a final judgment for the creation of a judgment lien.

¶10    Utah Code sections 78B-5-201 and -202 govern the creation of judgment liens in the state of Utah. *See* Utah Code Ann. §§ 78B-5-201 to -202 (LexisNexis 2012). Both sections utilize the term "judgment" multiple times, but neither contains the term "final judgment." *See id.* In analyzing sections 78B-5-201 and -202, the district court concluded that the legislature's

> use of the term "judgment" as opposed to "final judgment" indicates that there is no requirement that a judgment be final for the purposes of creation of a

judgment lien. Had the Legislature intended that a judgment be final in order for a judgment lien to be created, the Legislature could have simply used the term "final judgment," rather than "judgment."

We find this reasoning to be persuasive, and we affirm the district court's conclusion on this issue. *Cf. Thorpe v. Washington City*, 2010 UT App 297, ¶ 15, 243 P.3d 500 ("We presume that the Legislature consciously selected the term 'civil action' and intended that it be used in accordance with its common and accepted meaning."); *State v. Ewell*, 883 P.2d 1360, 1364 (Utah Ct. App. 1993) (Jackson, J., concurring) ("If the legislature had intended the word 'convicted' to include the sentencing portion of the criminal procedure, it would have used the term 'sentenced' twice rather than 'sentenced' and then 'convicted.'").

¶11　In reaching the conclusion that a judgment lien can be created by a nonfinal judgment, we note that the legislature has used the specific term "final judgment" in lieu of the more general term "judgment" elsewhere in Title 78B of the Utah Code. *See, e.g.*, Utah Code Ann. § 78B-11-129(1)(f) (LexisNexis 2012) ("An appeal may be taken from . . . a final judgment entered pursuant to this chapter."); *id.* § 78B-5-828(1)(c) ("'Ultimately prevail on the merits' means, in the final judgment, the court rules in the plaintiff's favor on at least one cause of action."). We also note that while a nonfinal judgment is sufficient for the *creation* of a lien, the lien may not be enforced through a writ of execution until the judgment has become final.[3] *See* Utah R. Civ. P. 64E(a) ("A writ of execution is available to seize property in the possession or under the control of the defendant following entry of a *final judgment or order* requiring the delivery of property or the payment of money." (emphasis

---

3. The district court recognized as much, ordering that "[t]he judgment lien created by the recording of the Original Judgment may be executed upon once it has been certified as a final judgment in the underlying Ring Lawsuit."

added)); *cf. Kitches & Zorn, LLC v. Yong Woo Kim*, 2005 UT App 164, ¶ 14 n.3, 112 P.3d 1210 ("[R]ule 69 is inapplicable to this appeal, which addresses only whether Plaintiffs had a lien. Rule 69 deals with the execution of writs, not the creation of liens or the Registry of Judgments." (citing Utah R. Civ. P. 69 (repealed November 1, 2004))).

¶12    In sum, we agree with the district court that a final judgment is not required for the creation of a judgment lien under Utah Code sections 78B-5-201 and -202. We therefore affirm that portion of the district court's summary judgment order.

## II. Required Identifying Information

¶13    Irving Place also argues that the district court erred in concluding that 628 Park Ave's recorded judgment satisfied Utah Code section 78B-5-201(4)(a)'s requirement that the judgment include "the information identifying the judgment debtor" because the judgment identified Ring, the judgment debtor, only by name. *See* Utah Code Ann. § 78B-5-201(4)(a). Irving Place argues that when read in the context of the statute as a whole, "the information identifying the judgment debtor" necessarily refers to the much more detailed information specified in section 78B-5-201(4)(b). *See id.* § 78B-5-201(4)(b) (specifying the information that must be contained in a separate information statement, including a judgment debtor's last-known address and, if known, the debtor's Social Security number, date of birth, and driver license number).

¶14    Utah Code section 78B-5-201(3)(a) provides that for judgments entered on or after July 1, 2002, "the judgment or an abstract of judgment" must be "recorded in the office of the county recorder in which the real property of the judgment debtor is located" in order to create a lien against the judgment debtor's real property. *Id.* § 78B-5-201(3)(a). Section 78B-5-201(4) further requires that the recording include identifying information for the judgment

debtor either on the judgment or abstract itself or on a separate information statement:

> [A]ny judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall include:
> (a) the information identifying the judgment debtor on the judgment or abstract of judgment; *or*
> (b) a copy of the separate information statement of the judgment creditor that contains:
>> (i) the correct name and last-known address of each judgment debtor and the address at which each judgment debtor received service of process;
>> (ii) the name and address of the judgment creditor;
>> (iii) the amount of the judgment as filed in the Registry of Judgments;
>> (iv) if known, the judgment debtor's Social Security number, date of birth, and driver's license number if a natural person; and
>> (v) whether or not a stay of enforcement has been ordered by the court and the date the stay expires.

*Id.* § 78B-5-201(4) (emphasis added).

¶15    Here, it is undisputed that 628 Park Ave's recorded judgment did not include a separate information statement pursuant to subsection (4)(b). Therefore, the judgment would create a lien upon Ring's real property only if it "include[d] the information identifying the judgment debtor on the judgment," Utah Code Ann. § 78B-5-201(4)(a) (LexisNexis 2012). The district court concluded that because of the disjunctive "or" between subsections (4)(a) and (4)(b), a judgment creditor need satisfy only one of the subsections. The district court further concluded that the recorded judgment repeatedly identified Ring as the subject of the

judgment and that the recorded judgment satisfied subsection 4(a) "because it is clear that the judgment debtor is identified in the Original Judgment itself."

¶16     We agree with the district court that the statute's use of the word "or" clearly indicates that an information statement identifying the information listed in subsection (4)(b) is not necessary where the judgment or abstract of judgment contains "the information identifying the judgment debtor," *id.* § 78B-5-201(4)(a). The question, then, is what minimum identifying information must be included on the judgment in order for it to satisfy subsection (4)(a). While the phrase "the information identifying the judgment debtor," *id.*, is by no means a model of clarity, we disagree with Irving Place's assertion that the extensive information outlined in subsection (4)(b) must be provided in order for a creditor to create a judgment lien under subsection (4)(a).

¶17     Even the information identified in subsection (4)(b) is not strictly required. Most of that information may be left off of a separate information statement where it is unknown or unavailable. The "debtor's Social Security number, date of birth, and driver's license number," specifically, are required only "if known." *Id.* § 78B-5-201(4)(b)(iv). Section 78B-5-201(5) also suggests that the other information identified in section 78B-5-201(4) must be included only "if known or available to the judgment creditor from its records, its attorney's records, or the court records in the action in which the [judgment] was entered" and that the absence of that information may be excused by a statement indicating that it "is unknown or unavailable." *Id.* § 78B-5-201(5). Thus, the statute clearly contemplates the creation of judgment liens even in the face of limited identifying information.[4] Given that the information

_____

4. We also question whether the legislature would intentionally impose a strict requirement that extensive personal information be included on a recorded document in light of its apparent concern for personal privacy in other areas. *See, e.g.*, Utah Code Ann. § 63G-

(continued...)

outlined in subsection (4)(b) is not strictly required even where a separate information statement is necessary, we agree with the district court that the information on the judgment identifying Ring by name was sufficient to create a valid lien.

CONCLUSION

¶18   We hold that Utah Code section 78B-5-201 imposes no requirement that a judgment be a final judgment for purposes of creating a judgment lien. We also hold that a party's name contained in a recorded judgment is sufficient identifying information to create a valid judgment lien under Utah Code section 78B-5-201(4). Accordingly, we affirm the district court's ruling that 628 Park Ave possesses a judgment lien against the Property.

———————

THORNE, Judge (dissenting):

¶19   I agree with the majority opinion's conclusion that a judgment lien may be created by a nonfinal judgment pursuant to Utah Code sections 78B-5-201 and 78B-5-202. However, I disagree with the majority opinion as to its conclusion that a judgment recorded without an included copy of a separate information statement need only identify a judgment debtor by name in order to create a judgment lien against real property. To the contrary, section 78B-5-201(4) enumerates the specific pieces of information that must be included on either the judgment itself or an included

————————————————————————

4. (...continued)
2-302(1) (LexisNexis Supp. 2012) (declaring that the portion of voter registration that includes the voter's driver license and social security numbers is a private record); *cf.* Utah R. Jud. Admin. 4-202.02(4)(I) (identifying court records of a party's driver license number, social security number, and other information as private).

or later-recorded separate information statement before a lien against real property is created. It is undisputed that the judgment 628 Park Ave recorded does not contain the required information, and I would reverse the district court's ruling that the recorded judgment created a lien against the Property. For these reasons, I respectfully dissent from the majority opinion.

¶20    As of July 1, 2002, the recording of a judgment may create a lien against the judgment debtor's real property as soon as the judgment, or an abstract thereof, is recorded in the office of the county recorder in which the real property is located. *See* Utah Code Ann. § 78B-5-201(3)(a) (LexisNexis 2012); *id.* § 78B-5-202(7); *Kitches & Zorn, LLC, v. Yong Woo Kim*, 2005 UT App 164, ¶ 13, 112 P.3d 1210 ("[A]fter July 1, 2002, a person seeking a lien on real property need only file in the office of the county recorder."). However, the recorded judgment or abstract must also be accompanied by certain identifying information. *See* Utah Code Ann. § 78B-5-201(4). This information may either be included on the judgment or abstract itself or included together with the judgment or abstract on a separate information statement. *See id.*

¶21    The requirement that additional identifying information be recorded along with the recorded judgment or abstract of judgment is set out in Utah Code section 78B-5-201(4)–(6). Section 78B-5-201(4) provides,

> [A]ny judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall include:
> (a) the information identifying the judgment debtor on the judgment or abstract of judgment; or
> (b) a copy of the separate information statement of the judgment creditor that contains:
>     (i) the correct name and last-known address of each judgment debtor and the address at which each judgment debtor received service of process;

(ii) the name and address of the judgment creditor;

(iii) the amount of the judgment as filed in the Registry of Judgments;

(iv) if known, the judgment debtor's Social Security number, date of birth, and driver's license number if a natural person; and

(v) whether or not a stay of enforcement has been ordered by the court and the date the stay expires.

*Id.* § 78B-5-201(4). Section 78B-5-201(5) permits a notation on the separate information statement that the otherwise required information is unknown or unavailable, so long as the information is not "known or available to the judgment creditor from its records, its attorney's records, or the court records in the action in which the judgement was entered." *Id.* § 78B-5-201(5)(a). Finally, section 78B-5-201(6) addresses the situation where a recorded judgment or abstract of judgment does not include "the debtor identifying information as required in Subsection (4)." *Id.* § 78B-5-201(6)(a). In such cases, the recorded judgment "is *not* a lien" until a separate information statement is recorded "in compliance with Subsections (4) and (5)" and which "shall include" the additional information listed in section 78B-5-201(6)(b) identifying the recorded judgment to which the statement relates. *Id.* § 78B-5-201(6)(a)–(b) (emphasis added).

¶22   Here, it is undisputed that 628 Park Ave's recorded judgment did not include a separate information statement pursuant to section 78B-5-201(4)(b).[5] Therefore, the judgment

---

5. 628 Park Ave represented to the district court that it had prepared a separate information statement to be included with the recorded judgment but that the separate statement was somehow not recorded. While this fact is irrelevant to the legal analysis at

(continued...)

would only create a lien upon Ring's real property if it included "the information identifying the judgment debtor on the judgment." *Id.* § 78B-5-201(4)(a). The district court concluded that, because of the disjunctive "or" between subsections (4)(a) and (4)(b), a judgment creditor need only satisfy one or the other. The district court further concluded that the recorded judgment repeatedly identified Ring as the subject of the judgment and that the recorded judgment therefore satisfied subsection 4(a) "because it is clear that the judgment debtor is identified in the Original Judgment itself."

¶23     I have no disagreement with the district court's conclusion that a judgment creditor may create a lien against real property by recording either a judgment that includes "the information identifying the judgment debtor on the judgment," *see id.* § 78B-5-201(4)(a), or a judgment that includes an adequate separate information statement, *see id.* § 78B-5-201(4)(b). However, this does not answer the question of what identifying information must be included on the face of a judgment to satisfy section 78B-5-201(4)(a). The district court implicitly ruled that a judgment satisfies section 78B-5-201(4)(a) so long as it sufficiently identifies the judgment debtor by name, and the majority opinion expressly adopts that interpretation. However, reading the statute as a whole, I cannot agree. *See generally Archuleta v. St. Mark's Hosp.*, 2009 UT 36, ¶ 8, 238 P.3d 1044 (stating that "we must read the plain language of the statute as a whole" and "construe provisions in harmony with other provisions in the same statute and with other statutes under the same and related chapters" (citation and internal quotation marks omitted)).

¶24     Looking first at the plain language of the statute, I acknowledge that the legislature could have more clearly defined the phrase "the information identifying the judgment debtor on the

---

5. (...continued)

hand, it does suggest that 628 Park Ave did not believe that recording the judgment alone was sufficient to create a lien.

judgment." *See* Utah Code Ann. § 78B-5-201(4)(a) (LexisNexis 2012). Nevertheless, the legislature did not merely require "information identifying the judgment debtor" to be included on the judgment, but rather "*the* information identifying the judgment debtor," implying that *specific* identifying information is required. *See id.* (emphasis added). Such specific identifying information is immediately identified in the very next subsection, which describes the information that must be included on a separate information statement should a recorded judgment not already contain adequate information on its face. *See id.* § 78B-5-201(4)(b). Reading section 78B-5-201(4)(a) in conjunction with section 78B-5-201(4)(b), I can only conclude that "the information identifying the judgment debtor" that must be included on a judgment recorded under section 78B-5-201(4)(a) is the very same information that is required on a separate information statement when included with a judgment recorded under section 78B-5-201(4)(b).[6]

¶25 This interpretation also serves to give meaning to each part of the statute and avoids "'rendering portions of the statute superfluous.'" *See Paar v. Stubbs*, 2005 UT App 310, ¶ 6, 117 P.3d 1079 (quoting *LKL Assocs., Inc. v. Farley*, 2004 UT 51, ¶ 7, 94 P.3d

---

6. I acknowledge that, pursuant to section 78B-5-201(4)(b) as modified by section 78B-5-201(5), it is conceivable that a judgment lien could be created by way of a separate information statement that contains little or no substantive information due to the unavailability of that information. However, this hypothetical separate information statement would still have to include the statement that any omitted information was "unknown or unavailable," along with the implicit representation that the information is "not known or available to the judgment creditor from its records, its attorney's records, or the court records in the action in which the judgment was entered." Utah Code Ann. § 78B-5-201(5)(a)–(b) (LexisNexis 2012). My interpretation of section 78B-5-201(4)(a) merely holds that subsection to these same minimal standards, which were important enough to the legislature that it enumerated them in the statute.

279). Nearly every judgment identifies its subject or subjects by name, and if the legislature intended the recording of a judgment including simply the name of the judgment debtor to create a lien, it would have had little need to specify that the recorded judgment must also include "the information identifying the judgment debtor."[7] Further, as nearly every recorded judgment would satisfy a requirement that it identify the judgment debtor by name, there would be little reason to include section 78B-5-201(6), which requires the subsequent recording of a separate information statement in order to qualify as a lien when a recorded judgment does not include "the debtor identifying information as required in Subsection (4)." Utah Code Ann. § 78B-5-201(6)(a).

¶26     Finally, this court should avoid interpreting statutes in such a manner as to render an absurd result. *See State v. Jeffries*, 2009 UT 57, ¶ 8, 217 P.3d 265 ("To avoid an absurd result, we endeavor to discover the underlying legislative intent and interpret the statute accordingly."). It is clear that one overall purpose of sections 78B-5-201 and -202 is to ensure that judgment liens against real property are discoverable by purchasers and others interested in establishing the title status of real property. To that end, judgments must be recorded in the county in which a judgment debtor's real property is located and must include information identifying the judgment debtor.[8] While the required information may be included either on

---

7. Indeed, if the legislature intended "the information identifying the judgment debtor" to simply mean "the name of the judgment debtor," it could have stated that a judgment recorded under section 78B-5-201(4)(a) shall include "the name of the judgment debtor."

8. I am not unconcerned with the privacy issues raised in note 4 of the majority opinion, particularly in light of the current focus on preventing identity theft. However, privacy is not absolute, and the current judgment of the legislature is that the certainty required of

(continued...)

the judgment itself or on an included separate information statement, *see* Utah Code Ann. § 78B-5-201(4), I see no indication that the legislature intended the required information to differ depending on whether a judgment creditor records only the judgment or the judgment and a separate information statement. To the contrary, it seems absurd to me that a judgment lien created by recording a judgment with an information statement would require the specific, detailed information enumerated in section 78B-5-201(4)(b), while a judgment not containing the same information and recorded by itself would be sufficient to create a lien under section 78B-5-201(4)(a) so long as it merely contained the name of the judgment debtor.[9]

¶27    For these reasons, I interpret the language "the information identifying the judgment debtor" in Utah Code section 78B-5-201(4)(a) to mean the same specific information identified in section 78B-5-201(4)(b). Applying that interpretation to this case, it is clear that 628 Park Ave's recording of the default judgment against Ring did not create a judgment lien against Ring's real property because the recorded judgment did not include the required information either on its face or on an included separate information statement.[10] Further, 628 Park Ave failed to cure this deficiency by

---

8. (...continued)
matching judgment liens with the appropriate real property outweighs the affected privacy interests of judgment debtors.

9. In light of the rule announced in the majority opinion, I see no reason why anyone would bother with preparing and recording a separate information statement complying with the requirements of Utah Code section 78B-5-201(4)(b) when recording the judgment alone is sufficient to create a lien against the real property of any named judgment debtor.

10. I reserve for another day any opinion on whether a judgment lien might ever be created through substantial compliance with the

(continued...)

recording a separate information statement pursuant to section 78B-5-201(6) prior to Ring's transfer of the Property to Irving Place. Accordingly, I would reverse the district court's ruling that 628 Park Ave possesses a valid judgment lien against the Property, and I respectfully dissent from the majority opinion.

———

10. (...continued)
requirements of Utah Code section 78B-5-201(4)–(6), as the present case clearly demonstrates complete noncompliance with the statute's requirements.