THORNE, Judge
(dissenting):
T19 I agree with the majority opinion's conclusion that a judgment lien may be created by a nonfinal judgment pursuant to Utah Code sections 78B-5-201 and 78B-5-202. However, I disagree with the majority opinion as to its conclusion that a judgment recorded without an included copy of a separate information statement need only identify a judgment debtor by name in order to create a judgment lien against real property. To the contrary, section 78B-5-201(4) enumerates the specific pieces of information that must be included on either the judgment itself or an included or later-recorded separate information statement before a lien against real property is created. It is undisputed that the judgment 628 Park Ave recorded does not contain the required information, and I would reverse the district court's ruling that the recorded judgment created a lien against the Property. For these reasons, I respectfully dissent from the majority opinion.
T20 As of July 1, 2002, the recording of a judgment may create a lien against the judgment debtor's real property as soon as the judgment, or an abstract thereof, is recorded in the office of the county recorder in which the real property is located. See Utah Code Ann. § 78B-5-201(8)(a) (LexisNexis 2012); id. § T8B-5-202(7); Kitches & Zorn, LLC v. Yong Woo Kim, 2005 UT App 164, ¶ 13, 112 P.3d 1210 ("[AJfter July 1, 2002, a person *265 seeking a lien on real property need only file in the office of the county recorder."). However, the recorded judgment or abstract must also be accompanied by certain identifying information. See Utah Code Ann. § 78B-5-201(4). This information may either be included on the judgment or abstract itself or included together with the judgment or abstract on a separate information statement. See id.
€ 21 The requirement that additional identifying information be recorded along with the recorded judgment or abstract of judgment is set out in Utah Code section 78B-5-201(4)-(6). Section 78B-5-201(4) provides,
[Alny judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall include:
(a) the information identifying the judgment debtor on the judgment or abstract of judgment; or
(b) a copy of the separate information statement of the judgment creditor that contains:
(i) the correct name and last-known address of each judgment debtor and the address at which each judgment debtor received service of process;
(ii) the name and address of the judgment creditor;
(iii) the amount of the judgment as filed in the Registry of Judgments;
(iv) if known, the judgment debtor's Social Security number, date of birth, and driver's license number if a natural person; and
(v) whether or not a stay of enforcement has been ordered by the court and the date the stay expires.
Id. § T78B-5-201(4). Section 78B-5-201(5) permits a notation on the separate information statement that the otherwise required information is unknown or unavailable, so long as the information is not "known or available to the judgment ereditor from its records, its attorney's records, or the court records in the action in which the judgement was entered." Id. § 78B-5-201(5)(a). Finally, section 78B-5-201(6) addresses the situation where a recorded judgment or abstract of judgment does not include "the debtor identifying information as required in Subsection (4)." Id. § 78B-5-201(6)(a). In such cases, the recorded judgment "is not a lien" until a separate information statement is recorded "in compliance with Subsections (4) and (5)" and which "shall include" the additional information listed in section 78B-5-201(6)(b) identifying the recorded judgment to which the statement relates. Id. § 7SB-5-201(6)(a)-(b) (emphasis added).
122 Here, it is undisputed that 628 Park Ave's recorded judgment did not include a separate information statement pursuant to section 78B-5-201(4)(b)[5] Therefore, the judgment would only create a lien upon Ring's real property if it included "the information identifying the judgment debtor on the judgment." Id. § 78B-5-201(4)(a). The district court concluded that, because of the disjunctive "or" between subsections (4)(a) and (4)(b), a judgment creditor need only satisfy one or the other. The district court further concluded that the recorded judgment repeatedly identified Ring as the subject of the judgment and that the recorded judgment therefore satisfied subsection 4(2) "because it is clear that the judgment debtor is identified in the Original Judgment itself."
123 I have no disagreement with the district court's conclusion that a judgment ered-itor may create a lien against real property by recording either a judgment that includes "the information identifying the judgment debtor on the judgment," see id. § T8B-5-201(4)(a), or a judgment that includes an adequate separate information statement, see id. § 78B-5-201(4)(b). However, this does not answer the question of what identifying information must be included on the face of a judgment to satisfy section 78B-5-201(4)(a). The district court implicitly ruled that a judgment satisfies section 78B-5-201(4)(a) so long as it sufficiently identifies the judgment debtor by name, and the majority opinion expressly adopts that interpretation. However, reading the statute as a whole, I cannot agree. See generally Archuleta v. St. Mark's Hosp., 2009 UT 36, ¶ 8, 238 P.3d 1044 (stat *266 ing that "we must read the plain language of the statute as a whole" and "construe provisions in harmony with other provisions in the same statute and with other statutes under the same and related chapters" (citation and internal quotation marks omitted)).
24 Looking first at the plain language of the statute, I acknowledge that the legislature could have more clearly defined the phrase "the information identifying the judgment debtor on the judgment." See Utah Code Ann. § 78B-5-201(4)(a) (LexisNexis 2012). Nevertheless, the legislature did not merely require "information identifying the judgment debtor" to be included on the judgment, but rather "the information identifying the judgment debtor," implying that specific identifying information is required. See id. (emphasis added). Such specific identifying information is immediately identified in the very next subsection, which describes the information that must be included on a separate information statement should a recorded judgment not already contain adequate information on its face. See id. § T8B-5-201(4)(b). Reading section 78B-5-201(4)(a) in conjunction with section 78B-5-201(4)(b), I can only conclude that "the information identifying the judgment debtor" that must be included on a judgment recorded under section 78B-5-201(4)(a) is the very same information that is required on a separate information statement when included with a judgment recorded under section 78B-5-201(4)(b).[6]
1 25 This interpretation also serves to give meaning to each part of the statute and avoids "'rendering portions of the statute superfluous.'" See Paar v. Stubbs, 2005 UT App 310, ¶ 6, 117 P.3d 1079 (quoting LKL Assocs., Inc. v. Farley, 2004 UT 51, ¶ 7, 94 P.3d 279). Nearly every judgment identifies its subject or subjects by name, and if the legislature intended the recording of a judgment including simply the name of the judgment debtor to create a lien, it would have had little need to specify that the recorded judgment must also include "the information identifying the judgment debtor.[7] Further, as nearly every recorded judgment would satisfy a requirement that it identify the judgment debtor by name, there would be little reason to include section 78B-5-201(6), which requires the subsequent recording of a separate information statement in order to qualify as a lien when a recorded judgment does not include "the debtor identifying information as required in Subsection (4)." Utah Code Ann. § 7T8B-5-201(6)(a).
26 Finally, this court should avoid interpreting statutes in such a manner as to render an absurd result. See State v. Jeffries, 2009 UT 57, ¶ 8, 217 P.3d 265 ("To avoid an absurd result, we endeavor to discover the underlying legislative intent and interpret the statute accordingly."). It is clear that one overall purpose of sections 78B-5-201 and -202 is to ensure that judgment liens against real property are discoverable by purchasers and others interested in establishing the title status of real property. To that end, judgments must be recorded in the county in which a judgment debtor's real property is located and must include information identifying the judgment debtor.[8] While the required information may be included either on the judgment itself or on an included separate information statement, see Utah Code Ann. § 78B-5-201(4), I see no indication that the legislature intended the re *267 quired information to differ depending on whether a judgment creditor records only the judgment or the judgment and a separate information statement. 'To the contrary, it seems absurd to me that a judgment lien created by recording a judgment with an information statement would require the specific, detailed information enumerated in seetion 78B-5-201(4)(b), while a judgment not containing the same information and recorded by itself would be sufficient to create a lien under section 78B-5-201(4)(a) so long as it merely contained the name of the judgment debtor.[9]
T27 For these reasons, I interpret the language "the information identifying the judgment debtor" in Utah Code section 78B-5-201(4)(a) to mean the same specific information identified in section 78B-5-201(4)(b). Applying that interpretation to this case, it is clear that 628 Park Ave's recording of the default judgment against Ring did not create a judgment lien against Ring's real property because the recorded judgment did not include the required information either on its face or on an included separate information statement.[10] Further, 628 Park Aye failed to cure this deficiency by recording a separate information statement pursuant to section 78B-5-201(6) prior to Ring's transfer of the Property to Irving Place. Accordingly, I would reverse the district court's ruling that 628 Park Ave possesses a valid judgment lien against the Property, and I respectfully dissent from the majority opinion.
Judge JAMES Z. DAVIS authored this Opinion, in which Judge GREGORY K. ORME concurred. Judge WILLIAM A. THORNE JR. dissented, with opinion.

. 628 Park Ave represented to the district court that it had prepared a separate information statement to be included with the recorded judgment but that the separate statement was somehow not recorded. While this fact is irrelevant to the legal analysis at hand, it does suggest that 628 Park Ave did not believe that recording the judgment alone was sufficient to create a lien.

. I acknowledge that, pursuant to section 78B-5-201(4)(b) as modified by section 78B-5-201(5), it is conceivable that a judgment lien could be created by way of a separate information statement that contains little or no substantive information due to the unavailability of that information. However, this hypothetical separate information statement would still have to include the statement that any omitted information was "unknown or unavailable," along with the implicit representation that the information is "not known or available to the judgment creditor from its records, its attorney's records, or the court records in the action in which the judgment was entered." Utah Code Ann. § 78B-5-201(5)(a)-(b) (LexisNexis 2012). My interpretation of section 78B-5-201(4)(a) merely holds that subsection to these same minimal standards, which were important enough to the legislature that it enumerated them in the statute.

. Indeed, if the legislature intended "the information identifying the judgment debtor" to simply mean "the name of the judgment debtor," it could have stated that a judgment recorded under section 78B-5-201(4)(a) shall include "the name of the judgment debtor."

. I am not unconcerned with the privacy issues raised in note 4 of the majority opinion, particularly in light of the current focus on preventing *267 identity theft. However, privacy is not absolute, and the current judgment of the legislature is that the certainty required of matching judgment liens with the appropriate real property outweighs the affected privacy interests of judgment debtors.

. - In light of the rule announced in the majority opinion, I see no reason why anyone would bother with preparing and recording a separate information statement complying with the requirements of Utah Code section 78B-5-201(4)(b) when recording the judgment alone is sufficient to create a lien against the real property of any named judgment debtor.

. I reserve for another day any opinion on whether a judgment lien might ever be created through substantial compliance with the requirements of Utah Code section 78B-5-201(4)-(6), as the present case clearly demonstrates complete noncompliance with the statute's requirements.